IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-299-BO-KS

| | |
|---|---|
| DEANDRA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DHHS/CENTRAL REGIONAL ) | |
| HOSPITAL, DR. MICHELLE BARRETT, ) | |
| ROBYN WHALEN, KATHERINE ) | |
| WILLIAMSON, ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and the motion is ripe for disposition. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

Plaintiff, proceeding *pro se*, instituted this action on May 30, 2024, against her employer, the North Carolina Department of Health and Human Services (NCDHHS) and Central Regional Hospital, as well as several other employees of Central Regional Hospital and NCDHHS. Plaintiff completed a form employment discrimination complaint and alleges that jurisdiction in this Court is based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, the Equal Pay Act of 1963, Sections 102 and 103 of the Civil Rights Act of 1961, Sections 501 and 505 of the Rehabilitation Act of 1973, "Civil Action for Deprivation of Rights, Conspiracies to Interfere with Civil Rights,

Conspiracy Against Rights of Citizens, Deprivation of Rights Under Color of Law, The Jurisdictional Statute for Civil Rights Cases, and Peonage Abolished," and the North Carolina Equal Employment Practices Act.

Plaintiff alleges she was subjected to unequal terms and conditions in her employment and retaliation, and that the alleged discriminatory acts took place in February 2022 and continued through the filing of her complaint. Plaintiff specifically alleges that she was discriminated against based on her race and age. Plaintiff has been an administrative specialist for over twenty-four years and works in Psychosocial Treatment Services. Plaintiff alleges that when defendant Barrett became head of Psychosocial Treatment Services plaintiff was removed from her section and her job duties were reduced without justification. Plaintiff further alleges that, although Dr. Barrett stated in May 2022 that plaintiff's duties would remain the same, plaintiff's duties were reduced to trivial tasks which were different from her prior responsibilities. Plaintiff further alleges that she has not received an updated job description which would outline her new daily responsibilities.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on February 23, 2023, and received a right to sue letter on May 21, 2024.

## DISCUSSION

Defendants seek dismissal of plaintiff's complaint on several grounds. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as

2

true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647. Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for either insufficient process or insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

While "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[,]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted), a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

At the outset, the Court address the jurisdictional bases raised in plaintiff's complaint. Although plaintiff cities several federal and state statutes as conferring jurisdiction, she fails to plausibly allege violations of several of those statutes, including, for example, 42 U.S.C. § 1994, the anti-peonage statute, and Sections 501 and 505 of the Rehabilitation Act. Plaintiff also cites the North Carolina Equal Employment Practices Act (NCEEPA), N.C. Gen. Stat. § 143-422.2, but North Carolina courts have not recognized a private cause of action under the NCEEPA. *See Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Based upon the factual allegations in her complaint, the Court construes plaintiff's claims as arising under Title VII and the ADEA.[1]

A. Individual defendants

Defendants seek dismissal of the individual defendants, arguing that the claims have been alleged against them in their official capacities, that sovereign immunity bars the claims against

---

[1] Additionally, in response to the motion to dismiss, plaintiff argues that subject matter jurisdiction exists because her claims arise under Title VII and the ADEA. [DE 12 at 2].

4

them in their official capacities, and that such claims are duplicative of the claims against the employer, NCDHHS. A suit against a government employee in his or her official capacity is, ostensibly, an additional attempt to assert a claim against the employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (citation omitted)). The Court agrees that, to the extent plaintiff has alleged claims against the individual defendants in their official capacities, they are, at bottom, duplicative of her claims against NCDHHS.

Moreover, the Fourth Circuit has long recognized that Title VII only creates liability for employers, not individuals. *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 693 (D. Md. 2017) (citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998)). The same is true for claims under the ADEA. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994); *Portis v. Halifax Cnty. Dep't of Soc. Servs.*, No. 4:22-CV-081-FL, 2024 WL 555881, at *2 (E.D.N.C. Feb. 12, 2024).

Finally, only Dr. Barrett is referenced by name in the factual allegations in plaintiff's complaint. None of the allegations would show that Dr. Barrett was plaintiff's employer for purposes of Title VII and the ADEA. The claims against the individual defendants are properly dismissed.

B. Service on NCDHHS

Plaintiff has failed to effect proper service on NCDHHS. Under Fed. R. Civ. P. 4(j)(2), service on a state government agency, such as NCDHHS, can be effected by serving the agency's chief executive officer or by complying with state law rules for service. Under North Carolina law, service on an agency of the state must be completed on the process agent appointed by the agency. N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(a). There is a process agent directory available on the North

5

Carolina Attorney General's website. Julie Cronin is listed as the process agent for NCDHHS, with an address of 2001 Mail Service Center in Raleigh. *See* https://ncdoj.gov/legal-services/legal-resources/process-agent-directory/ (last visited Feb. 12, 2025). North Carolina demands strict compliance with its service provisions. *Guthrie v. Ray*, 293 N.C. 67, 70 (1977).

The summons for NCDHSS was addressed to DHHS/Central Regional Hospital at 300 Veazey Road in Butner, North Carolina. [DE 4]. Ms. Cronin has not been served with a copy of the complaint and summons in this action. [DE 10-4]. Plaintiff has failed to demonstrate that she has otherwise complied with the service provisions of Rule 4, and her claims against NCDHHS are properly dismissed for insufficient service of process.

C. Failure to state a claim

Plaintiff has further failed to state a plausible claim for relief. To survive a motion to dismiss, a plaintiff alleging employment discrimination must only "'state a claim to relief that is plausible on its face.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). She does not have to specifically plead every element of a prima facie case for discrimination or retaliation in her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Those elements, however, provide a useful measuring tool for her allegations. *See Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023) ("Although a plaintiff need not assert a prima facie claim of discrimination under Title VII in order to survive a Rule 12(b)(b)(6) motion, reference to the elements of a Title VII claim is helpful to gauge the sufficiency of the allegations.").

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e–2(a). The ADEA likewise makes it unlawful for

6

employers to discriminate against individuals based on their age. 29 U.S.C. § 629. To satisfy the elements of a Title VII claim with respect to disparate treatment, a plaintiff must be able to show that she belongs to a protected class, that she suffered adverse employment action, that at the time of the adverse employment action she was performing her job in a way that met the employer's legitimate expectations, and that she was treated differently from similarly situated employees outside her protected class. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019). Where the adverse action in a Title VII discrimination claim concerns the transfer to a different position, the plaintiff need not show that the transfer caused any significant disadvantage in her employment, only that some injury was incurred. *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 358-59 (2024).

To satisfy the elements of an ADEA cause of action, a plaintiff must show (1) she is over forty and (2) experienced discrimination by her employer (3) because of her age. *Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020) (quoting *McCleary-Evans*, 780 F.3d at 585).

Plaintiff has alleged that she is a black woman who was over forty years old at the time of the alleged discrimination. She further alleges that her job responsibilities were reduced without justification, specifically to trivial tasks which were not previously part of her job responsibilities. While the reduction in job responsibilities to trivial tasks could be sufficient to allege an injury, plaintiff has not provided any facts which would show that the reduction to her responsibilities did have an impact on the conditions of her employment. For example, she has not alleged she has suffered a reduction in pay or eligibility for benefits, or that her hours, working conditions, schedule, or perks have changed. *Muldrow*, 601 U.S. at 351.

But even assuming that the reduction in responsibilities is sufficient, plaintiff has failed to allege that she was meeting her employer's legitimate expectations or that the reduction in her

7

responsibilities was imposed under circumstances that raise an inference of discrimination, either based upon her age or her race. Plaintiff identifies no other employee outside of her protected classes who, in similar circumstances, was treated more favorably or that there is any other basis for concluding that the changes to her job responsibilities occurred because of her race or age. Though plaintiff has plausibly alleged membership in a protected class and adverse employment action, she has not provided sufficient factual support of discrimination to raise her right to relief beyond speculation. *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010).

In her brief in opposition to the motion to dismiss, plaintiff contends that there are two comparators, both of whom are white and have not had their job responsibilities reduced. However, a plaintiff may not amend her complaint through arguments raised in opposition to a motion to dismiss. *See Neal v. Sandhills Ctr.*, 737 F. Supp. 3d 291, 296 (M.D.N.C. 2024). Additionally, even were the Court to consider plaintiff's statement about the presence of comparators, her allegation would nonetheless be conclusory, as she fails to include any relevant factual support from which the Court could find a plausible claim.

Nor has plaintiff plausibly alleged a claim for retaliation. Title VII and the ADEA both prohibit retaliation. 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). To establish a prima facie case of retaliation under either statute, "the employee must demonstrate: '(1) she engaged in a protected activity, (2) the employer acted adversely against her, and (3) there was a causal connection between the protected activity and the asserted adverse action.'" *Walton v. Harker*, 33 F.4th 165, 177 (4th Cir. 2022) (quoting *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011).

Plaintiff has checked the box listing retaliation as part of the discriminatory conduct of which she complains, but her factual allegations fail to specify any protected conduct or that there was any connection between any protected conduct and the reduction in her job responsibilities.

8

Case 5:24-cv-00299-BO-KS     Document 15     Filed 02/14/25     Page 8 of 10

Plaintiff does allege that she filed an EEOC charge in February 2023, which is plainly protected conduct. She further alleges that the discriminatory conduct is "ongoing." However, even if the Court liberally construes plaintiff's allegations, she has nonetheless failed to include any plausible allegation that any alleged discriminatory conduct, which appears to have occurred in February 2022 and May 2022, is related to her filing an EEOC charge in February 2023, much less that there was a causal connection between the two. For example, a plaintiff may plausibly allege a causal connection by alleging that the protected activity and adverse action occurred close in time. *See Barbour v. Garland*, 105 F.4th 579, 591 (4th Cir. 2024). Here, plaintiff alleges that her job responsibilities were reduced before she engaged in any protected activity. A bare allegation that any adverse action is "ongoing" is not sufficient to plausibly allege a causal connection for her retaliation claim.

As noted above, plaintiff may not amend her complaint by way of her argument in opposition to the motion to dismiss. However, in her opposition, plaintiff contends that she received an employee warning after she filed her EEOC charge. The warning was issued in June 2023, [DE 12-1], four months after plaintiff filed her EEOC charge in February 2023, which is "too long to establish a causal connection by tempor[al] proximity alone." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021) (citation omitted). Plaintiff's retaliation claim is properly dismissed.

Because the Court concludes that plaintiff has failed to state claims upon which relief can be granted, it declines to consider defendants' remaining arguments.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss [DE 9] is GRANTED. Plaintiff's complaint is DISMISSED.

The clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this 14 day of February 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE